**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| DARRAYL AGNEW, | : | |
| Plaintiff, | : | |
| vs. | : | CA 11-0060-C |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | : | |
| Defendant. | : | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 18 & 19 ("In accordance with provisions of 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.").) Upon consideration of the administrative record, plaintiff's brief, the Commissioner's brief, and the arguments of the parties at the November 17, 2011 hearing before the Court, it is determined that the Commissioner's decision denying plaintiff benefits

should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to neck, shoulder and back injuries resulting from an April 23, 2007 motor vehicle accident. The Administrative Law Judge (ALJ) made the following relevant findings:

> **1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2012.**
>
> **2. The claimant has not engaged in substantial gainful activity since April 23, 2007, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).**
>
> **3. The claimant has the following severe impairment: pain in left shoulder (20 CFR 404.1520(c) and 416.920(c)).**
>
> Medical evidence indicates that the claimant's left shoulder pain was evaluated in April 2007. MRI scan results were remarkable for tendinosis and bursitis. No rotator cuff tear was indicated. He then underwent surgical decompression of the shoulder in November 2007. L. Scott Atkins, Jr., M.D., the claimant's orthopedic surgeon, reported that following surgery, the claimant was in "good condition." The doctor also reported that the claimant has no other problems (Exhibits 1F, 2F, 4F).
>
> On follow up with Dr. Atkins, the doctor reported that the claimant could return to work in December 2007 with restriction to light work activity (no lifting greater than 20 pounds) (Exhibit 5F). This is supported by physical therapy records which show him to have no more than "a little bit of pain" in the shoulder (Exhibit 9F).

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 18 & 19 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

Additional records obtained from Dr. Atkins reveal the claimant to be neurologically intact. His left arm is neurovascularly intact. He has full motion and has satisfactory rotator cuff strength (Exhibit 10F).

Records obtained from the Veterans Administration Medical Center, dated through January 2010, indicate that the claimant complained of back pain. MRI scans revealed "mild" degenerative changes. These records are inconsistent with an undated form completed by a VA doctor who reported that the claimant cannot work more than 6 hours per day and is, in effect, disabled to work due to pain (Exhibits 12F, 13F, 14F). I see no statement or explanation for the 6 hour limitation, or the pain, therefore that opinion is rightly rejected. The doctor also noted nonexertional limitations as contained in the below residual functional capacity, which are reasonable and accepted.

. . .

**5. I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), with the following nonexertional limitations: occasionally push/pull; frequently climb stairs, ladders and balance; occasionally perform gross manipulation; frequent[ly] perform fine manipulation; rarely bend; occasionally reach, operate motor vehicles, and work around hazardous machinery; and would be absent from work less than once per month.**

In making this finding, I have considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p. I have also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p.

I find that there is no serious degenerative disk disease, stenosis or nerve impingement. I find no treatment records supporting any chronic medical condition. There's no treating source [who] documents impairments of twelve months duration at a disabling level. The impairment listed above as severe is not disabling. The record reflects good response to medical treatment and physical therapy.

There is no medical evidence to corroborate the claimant's testimony of limitations caused by pain. His treating physician and orthopedic surgeon, Dr. Adkins, released him to return to light work activity in December, 2007. He has been treated conservatively since that time, and

there is no evidence that his physical condition has deteriorated to a disabling condition since he was last medically cleared for work. To the contrary, and by his own admission, the claimant handles his personal needs unassisted, cooks and prepares meals, does household chores, pushes his lawn mower two hours at a time, shops (including loading/unloading groceries), drives, and takes Advil for any pain he experiences (Exhibit 2E). That he suffers from no more than "a little bit of pain" in the shoulder, combined with no other significant problems, supports the finding that the above residual functional capacity is reasonable and based upon the relevant evidence.

Pursuant to Social Security Ruling 96-6p, I have also considered the opinions of the State Agency medical consultant who concluded that the claimant is not disabled because of his impairment (Exhibits 1A, 2A, 5E, 6F). Those opinions were reasonably supported by the evidence available at that time, and supportive of the decision being rendered herein.

**6. I find that the claimant is capable of performing past relevant work as a Police Officer II. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).**

At the hearing, I asked the vocational expert, Mr. Robert Griffin, to identify work performed by the claimant in the past fifteen years, indicating the title of the job, the skill and exertional of each job, and the Dictionary of Occupational Titles (DOT) number (#) of each job. Dr. (sic) Griffin testified that the claimant's past relevant work consists of the following: Police Officer II (skilled-SVP 5, light, DOT # 375.367-010) . . . .

. . .

I asked Mr. Griffin whether the above-described residual functional capacity would preclude the performance of any of the identified jobs. Mr. Griffin testified that the residual functional capacity would not preclude the performance of work as a Police Officer II. I accept his testimony and so find.

Upon consideration of the entire record, including the persuasive testimony of Dr. Griffin, I find that the claimant retains the residual functional capacity to perform past relevant work as a Police Officer II. Thus, I find that he has not been disabled since the alleged onset date, April 23, 2007.

**7. I find that the claimant has not been under a disability, as defined in the Social Security Act, from April 23, 2007 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).**

(Tr. 17, 18-19, & 19 (footnote omitted).) The Appeals Council affirmed the ALJ's decision (Tr. 1-4) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

**DISCUSSION**

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. Id. at 1005. Once the claimant meets this burden, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform his past relevant work as a Police Officer II, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as

unfavorable to the Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[2]

In this case, the plaintiff contends that the ALJ made the following errors: (1) he erred in failing to consider all the evidence in the record, particularly the records concerning the cervical fusion, cervical radiculopathy, lumbosacral radiculopathy, and peripheral neuropathy; and (2) he erred in disregarding the medical opinion of the treating physician and substituting his own opinion for that of the treating source. Because the undersigned agrees with the plaintiff that the ALJ erred in failing to consider all the evidence of record, the Court need not consider plaintiff's other assignment of error. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

Although the claimant bears the burden of demonstrating the inability to return to his past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record. *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). To this end, an ALJ must state with particularity the weight accorded "to each item of evidence[,]" *Randolph v. Astrue*, 291 Fed.Appx. 979, 982 (11th Cir. Sept. 10, 2008); *see also Brunson v. Astrue*, 2011 WL 839366, *12 (M.D. Fla. Mar. 7, 2011) ("[T]he ALJ 'should state the weight he accords to each item of impairment

[2] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

evidence and the reasons for his decision to accept or reject that evidence.'"), including the different medical opinions, and the reasons for his decision, *Lawton v. Commissioner of Social Security*, 431 Fed.Appx. 830, 834 (11th Cir. June 22, 2011). Indeed, "[a] statement that the ALJ carefully considered all the testimony and exhibits is not sufficient[,]" because "[w]ithout an explanation of the weight accorded by the ALJ, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (footnote added), citing *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981); *see also Winschel v. Commissioner of Social Security,* 631 F.3d 1176, 1179 (11th Cir. 2011) ("'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'").

> Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion."[3] In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational."

*Id*. (internal citations omitted; footnote added). In addition, remand is appropriate "when an ALJ fails to consider properly a claimant's condition despite evidence in the

---

[3] Therefore, the Court finds unpersuasive the Commissioner's attempts to have the undersigned supply the rationale for the ALJ's decision (*see* Doc. 15, at 9-11 (Commissioner's argument that the Court should reject the plaintiff's argument on the basis that he has not shown how the evidence the ALJ did not consider would show functional limitations as required to establish disability)). *See also Lawton, supra,* 431 Fed.Appx. at 834 ("[W]hen the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion.").

record of the diagnosis." *Vega v. Commissioner of Social Security,* 265 F.3d 1214, 1219 (11th Cir. 2001) (citation omitted).

In this case, the ALJ makes no mention whatsoever of the medical evidence of record relating to plaintiff's cervical fusion at C6-7, following an April 23, 2007 motor vehicle accident, and follow-up treatment (*compare* Tr. 17-19 *with* Tr. 295-296, 325-350, 379-391, 485-492 & 502-534), or, for that matter, evidence relating to diagnosed cervical radiculopathy, lumbosacral radiculopathy, and peripheral neuropathy (*compare* Tr. 17-19 *with* Tr. 358-378, 396, 404-406, 426-433, 438-441, 457-473 & 493). And while, as noted by the defendant (Doc. 15, at 9), the Eleventh Circuit in *Dyer v. Barnhart,* 395 F.3d 1206, 1211 (2005) determined that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision," the *Dyer* panel limited its determination to that situation in which "the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [plaintiff's] medical condition as a whole.'" *Id*. at 1211, quoting *Foote v. Chater,* 67 F.3d 1553, 1561 (11th Cir. 1995). Here, the very best comment this Court could make about the ALJ's decision is that it constitutes, under *Dyer*, an improperly broad rejection of every piece of evidence in the record, of which there was plenty, regarding plaintiff's cervical fusion and follow-up treatment, as well as the cervical radiculopathy, lumbosacral radiculopathy, and peripheral neuropathy evidence.[4] As a result, not only

[4] In other words, as observed in *Brunson, supra,* at *12, "there is a difference in failing to discuss a pain medication the plaintiff had been prescribed on one occasion (as was (Continued)

is this Court unable to conclude that the ALJ considered Agnew's condition as a whole, *Dyer, supra,* but, as well, it is impossible for this Court "'to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel, supra,* 631 F.3d at 1179, quoting *Cowart, supra,* 662 F.2d at 735.

The ALJ's error in this case is particularly troubling given his implicit recognition during the administrative hearing that plaintiff's cervical fusion constitutes a severe impairment, as reflected by his specific questioning of Agnew about this impairment (Tr. 29-31; *see also* Tr. 36-37) and his on-the-record comment about an off-the-record discussion with counsel regarding a possible finding of a closed period of disability (*see* Tr. 44 (commenting about plaintiff's shoulder problems beginning in the latter part of 2007 and then noting that "because the claimant was involved in an accident which required a fusion at I believe [] C6-C7, I asked counsel whether he would consider a closed period before I started questioning our vocation expert and . . . his answer was a definitive[] no.")). In other words, the ALJ's implicit recognition during the hearing that plaintiff's cervical fusion constitutes a severe impairment, which is supported by the evidence of record (*see, e.g.,* Tr. 487 ("I consider him to be a[t] MMI for his neck and will assign him a 15% permanent partial impairment rating for his whole body.")), stands in stark contrast and cannot be reconciled with his failure to make a finding in his decision

---

the case in *Dyer*) and failing to discuss probative evidence of [at least] one of Plaintiff's diagnoses (as is the case here)."

that this impairment is a severe impairment or his failure to discuss any evidence of record regarding this impairment.[5]

To affirm the ALJ's decision in this case would constitute an abdication of this Court's "'duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.'" *Winschel, supra,* 631 F.3d at 1179, quoting *Cowart, supra,* 662 F.2d at 735. Accordingly, this cause must be remanded to the Commissioner of Social Security for further consideration not inconsistent with this decision.

**CONCLUSION**

It is **ORDERED** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 1st day of December, 2011.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

---

5 After all, an impairment is not severe only if it "does not significantly limit [the claimant's] physical . . . ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). This Court is unable to discern how anyone could ever credibly determine that an impairment which translates into a 15% permanent partial impairment rating for the body as a whole is not a severe impairment. *See McDaniel v. Bowen,* 800 F.2d 1026, 1031 (11th Cir. 1986) ("Step two is a threshold inquiry. It allows only claims based on the most trivial impairments to be rejected.").