IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

DARRAYL AGNEW,                  :

    Plaintiff,              :

vs.                             :       CA 11-0060-C

MICHAEL J. ASTRUE,              :
Commissioner of Social Security,
                                :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(A) of the Federal Rules of Civil Procedure, on plaintiff's application for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 23.) Upon consideration of all pertinent materials contained in this file, it is determined that plaintiff should receive a reasonable attorney's fee in the amount of $1,937.04 under the EAJA for legal services rendered by his attorney in this Court. *See Astrue v. Ratliff*, 505 U.S.   , 130 S.Ct. 2521, 2526 & 2526-2527, 177 L.Ed.2d 91 (2010) ("Ratliff [] asserts that subsection (d)(1)(A)'s use of the verb 'award' renders § 2412(d) fees payable directly to a prevailing party's attorney[.] . . . We disagree. . . . The plain meaning of the word 'award' in subsection (d)(1)(A) is [] that the court shall 'give or assign by . . . judicial determination' to the 'prevailing party' (here, Ratliff's client Ree) attorney's fees in the

1

amount sought and substantiated under, *inter alia*, subsection (d)(1)(B). . . . The fact that the statute awards to the prevailing party fees in which her attorney may have a beneficial interest or a contractual right does not establish that the statute 'awards' the fees directly to the attorney. For the reasons we have explained, the statute's plain text does the opposite-it 'awards' the fees to the litigant[.]"); *Brown v. Astrue*, 271 Fed.Appx. 741, 743 (10th Cir. Mar. 27, 2008) ("The district court correctly held that Mr. Brown's assignment of his right in the fees award to counsel does not overcome the clear EAJA mandate that the award is to him as the prevailing party, and the fees belong to him. Thus, the district court correctly declined to award the fees directly to counsel.").[1]

## FINDINGS OF FACT

1.  On December 1, 2011 this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 22; *see also* Doc. 21.)

2.  The application for an award of attorney's fees and expenses under the EAJA was filed on December 30, 2012 (Doc. 23), a mere twenty-nine (29) days after entry of final judgment (*compare id. with* Doc. 22). In the application, plaintiff requests attorney's fees in the amount of $1,937.04 to compensate his attorney for the time (10.75

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 18 & 19 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

hours) spent representing him before this Court as of the date of the filing of the fee application. (*See* Doc. 23, Professional Services.)

3.     The Commissioner of Social Security filed a response to plaintiff's motion and therein contends that his position in this litigation was substantially justified. (Doc. 25, at 1-5.) The Commissioner additionally contends that should the Court find his position not substantially justified, attorney fees may only be awarded to the plaintiff, not his attorney. (*Id*. at 6-7.)[2] Plaintiff filed a reply to the response on January 13, 2012. (Doc. 26.)

## CONCLUSIONS OF LAW

1.     The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

2.     The Commissioner contends that his position in this litigation was substantially justified because even though the ALJ did not explicitly mention plaintiff's neck, he observed both that "[t]he records reflect good response to medical treatment and physical therapy" and that there was no showing of nerve root impingement and

---

[2]     As explained above, the attorney fees awarded herein are awarded to the plaintiff.

such findings are supported by the record which demonstrates that plaintiff's neck symptoms improved after neck surgery and an EMG which was negative for active radiculopathy. (*See* Doc. 25, at 3-4.) Although the Commissioner admits that the ALJ could have gone into more detail in this case, he argues that since there is no rigid requirement that an ALJ refer to every piece of evidence in his decision this Court should find that his position had a reasonable basis in law and fact. (*See id*. at 5 (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).) In the decision remanding this case, the undersigned sufficiently explained why *Dyer, supra,* was inapplicable to the case at hand. (*See* Doc. 21.) Moreover, as reflected therein, the ALJ ignored clear Eleventh Circuit precedent requiring him to state with particularity the weight accorded "to each item of evidence[,]" *Randolph v. Astrue*, 291 Fed.Appx. 979, 982 (11th Cir. Sept. 10, 2008); *see also Brunson v. Astrue,* 2011 WL 839366, *12 (M.D. Fla. Mar. 7, 2011) ("[T]he ALJ 'should state the weight he accords to each item of impairment evidence and the reasons for his decision to accept or reject that evidence.'"), including the different medical opinions, and the reasons for his decision, *Lawton v. Commissioner of Social Security*, 431 Fed.Appx. 830, 834 (11th Cir. June 22, 2011). This is the required standard because "[w]ithout an explanation of the weight accorded by the ALJ, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (footnote added), citing *Cowart v. Schweiker,* 662 F.2d 731, 735 (11th Cir. 1981); *see also Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011) ("'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the

merits of the claim is rational and supported by substantial evidence.'"). Given clearly-established Eleventh Circuit precedent, the ALJ's complete failure to acknowledge competent medical evidence, and the Commissioner's incorrect litigation position that "the ALJ considered all of the evidence of record in reaching his decision," (Doc. 15, at 9), the undersigned cannot find the Commissioner's position in this litigation substantially justified. *Cf. Macklin v. Astrue*, 2010 WL 3952070, *2 (S.D. Ind. Oct. 8, 2010) ("The ALJ's findings ignored or glossed over competent medical evidence in the record despite longstanding judicial precedent and the Commissioner's own regulations. . . . Accordingly, the Commissioner's pre-litigation position was not substantially justified. . . . On review of the ALJ's decision, the Commissioner argued that the ALJ 'thoroughly discussed the relevant evidence of record.' . . . As stated above, this was unquestionably false. Therefore, the Commissioner's litigation position was also not substantially justified."). Moreover, the undersigned declines to adopt the Commissioner's post-hoc rationalization (*see* Doc. 25, at 4 ("While the ALJ did not explicitly mention Plaintiff's neck, he observed that '[t]he records reflect good response to medical treatment and physical therapy' (Tr. 18).")) to support the ALJ's decision and find the Commissioner's position substantially justified. *Cf. Nelson v. Astrue*, 2012 WL 43601, *3 (D.S.C. Jan. 9, 2012) ("The Commissioner argues that the ALJ correctly [] observed that Plaintiff had no demonstrable neurological deficit. The Commissioner also concedes that the ALJ did not address Plaintiff's lymphedema, but argues that 'subsequent examinations continually showed no neurological or motor deficits from neuropathy or lymphedema' in Plaintiff's left arm. . . . The court cannot adopt a post-hoc rationalization to support

5

the ALJ's decision. . . . Rather, as the Magistrate Judge found, it was not possible to determine whether the ALJ adequately considered Plaintiff's complaints of lymphedema and neuropathy. The Commissioner's position was not substantially justified."). Based upon the foregoing, the Court finds no reasonable basis in law or fact for the ALJ's complete failure to consider plaintiff's neck and radiculopathy evidence or the Commissioner's defense of the ALJ's failure in this regard. *See Pierce v. Underwood*, 487 U.S. 552, 566 n.2, 108 S.Ct. 2541, 2550 n.2, 101 L.Ed.2d 490 (1988) ("[A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."); *Myers v. Sullivan*, 916 F.2d 659, 666-667 (11th Cir. 1990) ("If the district court concludes that the government's positions were 'substantially justified'--i.e., all of the government's arguments possessed a 'reasonable basis both in law and fact,' . . . then, notwithstanding the fact that the claimant ultimately prevailed in the litigation, the claimant is not entitled to receive attorney's fees."). Accordingly, the Court rejects the Commissioner's argument that his position in this litigation was substantially justified.

      3.     The Commissioner makes no argument that plaintiff is not a prevailing party under the EAJA;[3] therefore, the Court focuses its attention on other matters.

---

[3] "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993).

4.      The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty-day clock did not begin to run in this case until this Court's reversal and remand order of December 1, 2011 became final, which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), that is, January 30, 2012. The application filed in this case, bearing a date of December 30, 2011, is extremely premature yet no less timely.  *See, e.g., Myers, supra,* 916 F.2d at 678-679 n.20 ("Even a premature motion is considered timely.").

5.      The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983) (§ 1988); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services.  The party seeking an award of fees should submit evidence supporting the hours worked and the rates claimed.  Where the documentation of hours is inadequate, the district court may reduce the award accordingly.  The district court also should

7

> exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley, supra*, 461 U.S. at 433-434, 103 S.Ct. at 1939-1940 (citations omitted); *see also id.*, at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded."); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

6. In *Norman, supra*, the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306.

7. Because the defendant interposes no objection to the reasonableness of the hours claimed by plaintiff's attorney (*see* Doc. 25), the Court finds that plaintiff's counsel reasonably spent 10.75 hours on legal tasks in this case.

8. With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

9. In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id.* at 1033-1034 (citations and footnote omitted).

10. For years, the prevailing market rate in the Southern District of Alabama was $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. However, this Court has adjusted that rate to account for the increase in the cost of living. *Lucy v. Barnhart*, CA 06-0147-C, Doc. 32. More specifically, the Court has adopted the following formula to be used in calculating all future awards of attorney's fees under the EAJA: "'($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint )/ 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.'" (*Id.* at 11, quoting Doc. 31, at 2)

11. The temporal midpoint in this case was July 4, 2011, the complaint having been prepared on February 3, 2011 (Doc. 23, at 1) and the Court having entered its order and judgment on December 1, 2011 (Docs. 21-22). The CPI-U for July of 2011 was 219.682. Plugging the relevant numbers into the foregoing formula renders the following equation: $125x219.682/152.4. Completion of this equation renders an hourly rate of $180.19.

12. In consideration of the foregoing, the plaintiff is to be awarded an attorney's fee in the amount of $1,937.04 under the EAJA for the 10.75 hours his attorney spent performing work traditionally performed by attorneys in social security cases.

## CONCLUSION

The Court **ORDERS** that plaintiff be awarded attorney's fees in the amount of $1,937.04 under the Equal Access to Justice Act, representing compensation for 10.75 hours of service by William T. Coplin, Jr., Esquire, at the cost-of-living-adjusted rate of $180.19.

**DONE** and **ORDERED** this the 20th day of March, 2012.

s/WILLIAM E. CASSADY<br>**UNITED STATES MAGISTRATE JUDGE**